# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| BARBARA RAINES | CIVIL ACTION NO. 18-1075 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CAMERON SMITH, NOVA INSURANCE COMPANY AND JOHN S. CRAFT, SHERIFF OF VERNON PARISH, IN HIS OFFICIAL CAPACITY | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(7) Motion to Dismiss for Non-Joinder of a Required Party under Rule 19, filed by the defendants, Cameron Smith, Nova Insurance Company, and John S. Craft, Sheriff of Vernon Parish, in his official capacity (hereinafter collectively referred to as "the Defendants"). See Record Document 4. The Defendants argue that the Plaintiff's complaint should be dismissed without prejudice for failure to join an indispensable party. For the reasons which follow, the Rule 12(b)(7) Motion to Dismiss is **GRANTED**.

## BACKGROUND

On August 20, 2018, Plaintiff, Barbara Raines ("Raines"), filed a wrongful death action in this court against the Defendants arising from the death of her brother, Timothy Phillips, relying upon diversity jurisdiction. See Record Document 2. According to the complaint, Timothy Phillips was traveling westbound on Louisiana Highway 10 in Vernon Parish, Louisiana, when his vehicle malfunctioned, causing it to stall in his lane of travel. He was then struck from the rear by a vehicle driven by on-duty Vernon Parish Deputy

Cameron Smith.  See id.

Raines is a citizen of Minnesota and all named defendants are either Louisiana or Delaware citizens.  See id.  Prior to the filing of her suit, Martha Knippers, another alleged surviving sibling of Timothy Phillips and a citizen of Louisiana, brought a wrongful death action in the Thirtieth Judicial District Court, Vernon Parish.  See Record Document 4, Ex. 1.  It is alleged in both petitions that Timothy Phillips died without descendants, a spouse, or living parents.[1]  See id.  On September 18, 2018, the Defendants filed a Rule 12(b)(7) Motion to Dismiss for Non-Joinder of a Required Party Under Rule 19.  See Record Document 4.  Raines filed an opposition and the Defendants filed a reply.  See Record Documents 9 and 10.

## LAW AND ANALYSIS

**I.     Rule 12(b)(7) and Rule 19 Standards.**

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for failure to join a party under Rule 19.  Federal Rule of Civil Procedure 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue.  It also provides for the dismissal of the suit if it should not proceed without the parties who cannot be joined.  See HS Resources, Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003).  The relevant text of Rule 19 provides:

---

[1] Louisiana Civil Code article 2315.1(A), addressing survival actions, provides that the right to recover survives for a period of one year from the death of the deceased in favor of the "surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving."

**(a) Persons Required to Be Joined if Feasible.**

**(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

**(i)** as a practical matter impair or impede the person's ability to protect the interest; or

**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**(2) *Joinder by Court Order.*** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

. . .

**(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

**(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

**(2)** the extent to which any prejudice could be lessened or avoided by:

**(A)** protective provisions in the judgment;

**(B)** shaping the relief; or

**(C)** other measures;

**(3)** whether a judgment rendered in the person's absence would be

>     adequate; and
>
>     **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19 (emphasis in original).

The Rule 19 analysis requires the court to first determine under Rule 19(a) whether a person should be joined to the suit. If the person should be joined, but her joinder would destroy jurisdiction, then the court must determine under Rule 19(b) whether to proceed without the person or to dismiss the suit. See HS Resources, Inc., 327 F.3d at 439. The party advocating joinder bears the initial burden to demonstrate that a missing party is necessary. See Hood ex rel. Miss. v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009) (citation omitted). Once the movant presents facts to indicate that a "possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." Id.

## II.  Analysis.

The Defendants move to dismiss Raines' lawsuit under Rule 12(b)(7), arguing that Knippers is a required party under Rule 19 who cannot be joined without destroying the diversity necessary for this court to maintain subject matter jurisdiction. See Record Document 4 at 2. They argue that Louisiana jurisprudence requires that all survival action and wrongful death beneficiaries are required to join as parties in a single action, and if they do not join voluntarily, they must be required to do so involuntarily, so that all rights can be foreclosed in one proceeding. See id. at 3-4. State law is relevant "in determining what interest the outsider actually has, but the ultimate question [is] whether, given those state-defined interests, a federal court may proceed without the outsider" under federal

law. Morrison v. New Orleans Pub. Serv. Inc., 415 F.2d 419, 423 (5th Cir. 1969), citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22, 88 S. Ct. 733, 746 n.22 (1968).

### A. Louisiana Law.

In support of their position, the Defendants rely upon Morrison v. New Orleans Public Service Inc., 415 F.2d 419 (5th Cir. 1969). In Morrison, the Fifth Circuit considered whether a wrongful death action brought in federal court by a widow and five of the decedent's children could proceed without the joinder of the decedent's three other children whose joinder would have destroyed diversity jurisdiction. See id. at 423. The Morrison court applied the Rule 19 criteria for evaluating whether the absent wrongful death beneficiaries were indispensable parties. It first concluded that the absent Morrison children had a direct interest in the plaintiffs' claim for damages because Louisiana law transmitted the right to such damages to the widow and all the decedent's children but permitted only a single damage award which was recoverable in a single action. See id. The children were, therefore, "persons to be joined if feasible." Id. The Morrison court further concluded that, in equity and good conscience, the federal case could not proceed without the absent children's joinder because Louisiana law provided for a single wrongful death action. See id. at 424-25 (explaining that if the case were to proceed without the absent Morrison children, "they could not subsequently maintain their claims in the Louisiana court because of the Louisiana prohibition against claim-splitting and multiple actions for wrongful death").

The cases of Reed v. Warren, 172 La. 1082, 1092, 136 So. 59, 62 (La. 1931) and Trahan v. Southern Pacific Company, 209 F.Supp. 334, 337 (W.D. La. 1962) provide

additional insight. In Reed, the Louisiana Supreme Court found that "when the right of action is vested in two or more survivors of the deceased injured person, the defendant in the suit has the right to insist that all parties having the right of action shall be made parties to the one suit." Id. at 1092, 136 So. at 62. In Trahan, the court noted that "the Courts of Louisiana have consistently held that all damages must be claimed in the one suit, and that all of the persons classed as beneficiaries should be joined as plaintiffs since the right to recover passes to them equally." Id. at 337.

### B. Rule 19(a).

Against this background of Louisiana substantive law, this Court must first decide if Knippers is required to be joined to the action. See Fed. R. Civ. P. 19(a). Under Rule 19(a), a party is "required" if "in that person's absence, the court cannot accord complete relief among existing parties." This Court believes that in the absence of Knippers, it cannot accord complete relief to Raines pursuant to Louisiana law, which gives both Knippers and Raines an interest in wrongful death damages and requires that both Knippers and Raines pursue their claims in one forum. See Morrison, 415 F.2d at 424-25.

The Court further finds that the next requirement of Rule 19(a)(1)(B), i.e., that disposing of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect the interest, is also satisfied here. Continuing the instant case with Raines alone would impede or impair Knippers' ability to protect her interest in wrongful death damages based on the prohibition on claim splitting and principles of res judicata. This Court's judgment, although not binding in the res judicata sense if Knippers were not joined, would nonetheless constitute precedent adverse to her potential claims. Finally, adjudication without Knippers could leave the Defendants subject

to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Considering that Knippers has a case currently pending in state court, there is clearly a risk of inconsistent rulings. Should both cases continue and this court and the state court disagree, there would be not only a waste of judicial resources but tremendous unfairness to the parties of inconsistent rulings, which could easily result in even more litigation and legal expenses. If Knippers and Raines are joined in one suit, the issue can be resolved with certainty and finality.

In opposition to the motion to dismiss, Raines does not address any of the factors of Rule 19(a). Instead, she asserts that she "should be allowed to maintain this federal litigation because she is an out-of-state litigant to be protected," and that her lawsuit "should be maintained in order to protect her Seventh Amendment right to a trial by jury." Record Document 9 at 5-6. The Defendants contend, and this Court agrees, that by limiting her arguments, Raines has effectively admitted that Knippers is a required party under Rule 19(a). Thus, after consideration of all of the Rule 19(a)(1) factors, this Court finds that Knippers should be joined as a party in this case. However, her joinder will destroy diversity jurisdiction. For this reason, analysis under Rule 19(b) is necessary.

    **C.    Rule 19(b).**

Rule 19(b) provides that when a person who is required to be joined cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed between the existing parties or be dismissed. The first factor is the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties. Adverse precedent that might result from this case would prejudice the absent person, Knippers, and if the federal decision conflicts with a state court decision,

the confusion stemming from that conflict would also be prejudicial to the parties because of the uncertainty it would cause. Furthermore, there is potential prejudice to the Defendants, as Louisiana law provides that "the total liability of the state and political subdivisions for all damages for wrongful death of any one person . . . shall not exceed five hundred thousand dollars, regardless of the number of suits filed or claims made for the wrongful death of that person." La. Rev. Stat. § 13:5106(B)(2). Parallel suits would potentially circumvent this legislatively imposed limitation on damages.

Next, the court should consider the extent to which such prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures. It is difficult to conceive of a method by which relief given in this case could be tailored to avoid the impact of adverse precedent on the missing party. Raines argues that, because both she and Knippers are represented by the same attorney, a "joint discovery plan could be implemented by the parties in the state court proceeding and federal court proceeding in order to avoid duplicative discovery in the two cases." Record Document 9 at 7. She concludes that this tactic "would minimize any burden associated with litigating the wrongful death claims in two forums." Id. However, duplicative discovery is not the primary concern, as both cases could proceed to trial and the possibility of inconsistent verdicts would then arise. The Court concludes it cannot fashion any relief under these circumstances to avoid the prejudice concerns.

Finally, Rule 19(b) provides that the court should consider whether a judgment in the person's absence would be adequate, and whether Raines would have an adequate remedy if the action were dismissed. A judgment rendered without joinder of Knippers would arguably be adequate because it would resolve the dispute between the current

parties. However, if the action were dismissed for non-joinder, Raines could pursue that same remedy in state court where all interested parties could be joined. A Louisiana court could then adjudicate all of the claims.

As previously mentioned, Raines has made two basic policy consideration arguments in opposition to the Defendants' motion to dismiss. See Record Document 9. Her first argument is that she should be allowed to pursue her claim in federal court to protect her from potential local bias, as she is an out-of-state party. In support, Raines makes broad references to the general purposes of diversity jurisdiction, focusing upon the avoidance of the prejudice of local courts and juries. Raines' second argument concerns the impact of a dismissal on her Seventh Amendment right to a jury trial. She accurately notes that the Louisiana legislature has provided that political subdivisions do not participate in trials by jury unless they opt in. The Defendants counter that they, too, would be prejudiced should joinder not be required, as they would lose this legislatively provided option. Ultimately, these basic policy considerations do not outweigh the protections provided by the detailed analysis conducted of the Rule 19 factors.

On balance, the factors for consideration under Rule 19(b) weigh in favor of not proceeding with Raines alone. Rather, this civil action should be dismissed without prejudice because non-diverse parties needed for its adjudication may not be joined in this federal diversity proceeding. Thus, in equity and good conscience, this action cannot proceed among the parties before the court.

**CONCLUSION**

For the reasons set forth above, in exercising its judicial discretion, the Defendants' Rule 12(b)(7) Motion to Dismiss for Non-Joinder of a Required Party under Rule 19 is **GRANTED** and Raines's complaint is **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of November, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT